IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY JOHN VICKROY,

       Plaintiff,

v.                                    No. 15cv994 MCA/LF

DEBRA ANN VICKROY, *et al.*,

       Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 4, 2015 ("Application"), and on his Summons and Complaint, Emergency Petition for Injunctive Relief, Petition for Removal of Trustee, Petition for Transfer of Trust to New Mexico, Doc. 1, filed November 4, 2015 ("Complaint").   For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**.   Plaintiff shall have 21 days from entry of this Order to file an amended complaint.   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

> if the court finds that the allegations of poverty are untrue or that the action is
> frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).   "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."   *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).   "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."   *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."   *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.   Plaintiff states that: (i) his monthly income is $748.00 in disability; (ii) his monthly expenses are $775.00; (iii) he is unemployed; and (iv) he has no assets.   The Court finds that Plaintiff is unable to pay the filing fee because he is unemployed and his monthly expenses exceed his monthly income.

**Jurisdiction**

Plaintiff is a beneficiary of a trust and resides in New Mexico.   Defendant Debra Vickroy ("Trustee") is Plaintiff's sister and the trustee of the trust.   Plaintiff alleges that the Trustee conspired with the Bank of America "to subvert and control the privately obtained credit card of [Plaintiff]."   Complaint at 2.   Plaintiff seeks injunctive relief in the form of "removal of the trust into competent hands in New Mexico and the appointment of a new trustee," the delivery of his personal property currently held by Trustee in California, and the payment of the debt on his credit

2

card.   Complaint at 8.   Plaintiff states the Court has jurisdiction due to diversity of citizenship of the parties.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").   "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."   *Burrell v. Burrell*, 229 F.3d 1162, *2 (10th Cir. 2000) (unpublished opinion).   Plaintiff has not alleged sufficient facts to convince the Court that the amount in controversy exceeds the jurisdictional floor.   The only allegations in the Complaint regarding the amount in controversy are the conclusory statement that "the eventual worth of the case is well in excess of $75,000.00," and the assertion that the minimum payment due on the credit card "as of the last billing period was $208.00."   Complaint at 3, 7.

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."   However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).   The Court will dismiss Plaintiff's Complaint without prejudice because Plaintiff did not meet his burden of alleging facts that support jurisdiction.   Plaintiff may file an amended complaint within 21 days of entry of this Order.   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

3

**Compliance with Rule 11**

While the Court will permit Plaintiff to file an amended complaint, he must do so consistent with Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

4

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. Plaintiff's Complaint is deficient because Plaintiff has not included the Defendants' addresses, which are required to serve process. The Court will order service if Plaintiff timely files an amended complaint which alleges sufficient facts to convince the Court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor, and which includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED THAT** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 4, 2015, is **GRANTED.**

**IT IS ALSO ORDERED** Plaintiff's Summons and Complaint, Emergency Petition for Injunctive Relief, Petition for Removal of Trustee, Petition for Transfer of Trust to New Mexico, Doc. 1, filed November 4, 2015, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**